FILED
2008 AUG -4 PM 3: 01
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
SITTING AT NASHVILLE

| | |
|---|---|
| KENDRA B. CARRENO, | ] |
| Plaintiff, | ] |
| V. | ] NO. 3 08 0747 |
| DOJI, INC. d/b/a DEMOS' STEAK AND SPAGHETTI HOUSE d/b/a DEMOS' RESTAURANT, | ] JURY TRIAL DEMANDED |
| Defendant. | ] JUDGE HAYNES |

## COMPLAINT

### CLAIM I

Plaintiff, KENDRA B CARRENO, by and through the undersigned attorney, respectfully states and would show unto the Court the following:

1. This is an action to vindicate violations of Plaintiff's civil rights and to redress the unlawful and discriminatory conduct and employment practices of Defendant. Plaintiff invokes this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. Plaintiff invokes this Court's jurisdiction under the United States Constitution, Amendment XIV, 42 U.S.C. §1983, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 2000e-2. Plaintiff invokes this Court's jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

1

2. The venue of this action is properly placed in the Middle District of the State of Tennessee pursuant to 28 U.S.C § 1391, where the Defendant regularly conducts business and where the wrongful conduct occurred.

3. Plaintiff is a female American citizen of the United States, residing in Dandridge, Jefferson County, Tennessee.

4. Defendant, DOJI, INC, is a for profit corporation organized under the laws of the State of Tennessee, and conducts regular business in Murfreesboro and Nashville, Tennessee, doing business as Demos' Steak and Spaghetti House and also doing business as Demos' Restaurant with its principal office at 1115 Northwest Broad Street, Murfreesboro, Tennessee 37129.

5. The Defendant's agent for service of process is Josh McCreary, 16 Public Square, North, Murfreesboro, Tennessee 37130.

6. Plaintiff has complied with all the jurisdictional prerequisites to actions under Title VII of the Civil Rights Act, as follows:

   (a) In September 2007, Plaintiff filed a written charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

   (b) On May 6, 2008, the EEOC mailed Plaintiff notice that she had the right to sue Defendant within 90 days of receipt of said notice.

   (c) Plaintiff has filed suit within 90 days of the receipt of the right to sue notice.

7. At all times relevant to this complaint, Defendant was an employer within the meaning of 42 U.S.C. § 2000e, et seq. Defendant employed 15 or more employees for each

2

working day in each of twenty calendar weeks in the year in which the alleged acts occurred, and in the year previous, and was engaged in an industry affecting commerce.

8. Defendant is in the restaurant business, and operates restaurants in Nashville, Murfreesboro, Lebanon and Hendersonville, all in Tennessee.

9. In May 2004, Plaintiff KENDRA CARRENO began employment with Demos.

10. Demos is owned in whole or in part by one or more of the following persons: Jim Demos, Doris Demos, Peter Demos and Felicia Demos.

11. At the times relevant to this action, John Ramm was an employee of Demos acting in the capacity of Area Manager, a position in higher management.

12. At the times relevant to this action, Linda Lemmons was an employee of Demos acting the capacity of General Manager of the Nashville store location, a mid-management position. Linda Lemmons was the Plaintiff's direct supervisor.

13. In January, Plaintiff became pregnant and shortly thereafter notified Linda Lemmons, the store's general manager, of Plaintiff's pregnancy.

14. Shortly thereafter, Plaintiff learned that she was pregnant with twins and she conveyed this information to Linda Lemmons.

15. On two separate occasions in April, Plaintiff, under medical orders, was required to take off one week from work due to her pregnancy.

16. One to two months prior to Plaintiff's termination, she notified her direct supervisor, Linda Lemmons, that near the end of May 2007, she expected that her physician would order her to work in a more limited capacity in that the pregnancy involved

3

twins and was therefore considered "high risk."

17. The Defendant has in place a system whereby employees and customers can address questions, suggestions or issues directly with the ownership by use of an "Any Time" card.

18. Demos ownership received an undated, unsigned "Any Time" card complaining that Plaintiff had made a server cry.

19. Demos ownership received a second undated, unsigned "Any Time" card in part complaining that Plaintiff had failed to assist a server, and in part alleging generally that favoritism is bad in the Downtown (Nashville) store.

20. On or about May 11, 2007, the Plaintiff was issued a written reprimand for favoritism based upon the second undated, unsigned card.

21. On or about May 18, 2007, the Plaintiff was issued a written reprimand which was documented as follows:

    Kendra's attitude is bad. She is consistently being called rude by staff (3 x in last 3 wks). This has to go away for Kendra.

22. A margin note beside the above cited reprimand seems to indicate that the three instances of alleged rudeness involved three different Demos employees: Britt (Brittany), Phin and Bubba.

    a. One incident involved an employee, Phin, who had made a complaint about the Plaintiff after she reprimanded him for taking a smoking break without permission;

    b. The Plaintiff was not notified of the substance of the complaint by Britt, if any

4

such complaint was actually made

c. Another incident involved an employee, Bubba, who had been fired for calling the Plaintiff a "lazy c*nt" in the restaurant during work hours. This complaint was made by Bubba after his termination.

23. After the incident involving Bubba (wherein Bubba was terminated for calling Plaintiff a "lazy c*nt" in the workplace), John Ramm, Area Manager, sent an email addressed internally to Linda Lemmons in which he referenced the Bubba incident. He wrote "I'm sure she did something to make him say that."

24. In April or May of 2007, the Plaintiff successfully trained to be certified in the bar area of the Defendant's restaurant and upon successful completion of the training the Plaintiff was entitled to additional compensation.

25. The processing of the certification and additional compensation was delayed by Peter Demos and eventually Plaintiff was advised that she would not receive the additional compensation.

26. During the time that the processing of Plaintiff's certification and additional compensation was delayed, two (2) male managers of lesser tenure with the Defendant's company who had completed certification received timely notification of the approval of the certification. This entitled them to additional compensation, and they were transferred to the location at which the Plaintiff worked as a manager.

27. On or about May 25, 2007, the Plaintiff was terminated from her employment with Demos.

28. During the meeting in which the Plaintiff was terminated, John Ramm, Area Manager

of Demos, told Plaintiff, in the presence of Peter Demos, in substance that she had always been a b*tch or that she was acting or had always acted like a b*tch.

29. Defendant's stated reasons for termination were that Plaintiff had too many complaints and that Plaintiff had scored poorly on an internal survey.

30. The referenced survey was administered in such a way that no valid statistical information could be extracted from it; however, within the limits of the methodology of this survey, the Plaintiff appeared to be ranked higher than a substantial number of the managers and did receive a favorable written remark.

31. After Plaintiff was terminated, she was replaced by a male who had been transferred to the location at which Plaintiff worked shortly before her termination.

32. The stated reasons for Plaintiff's termination were a pretense for Defendant's termination of Plaintiff on the basis of her gender. 42 U.S.C. §2000e.

33. Defendant's treatment and termination of Plaintiff were discriminatory on the basis of her gender due to her status of being pregnant. 42 U.S.C §2000e(k)

34. Defendant's discriminatory acts against Plaintiff, were knowing, willful, wanton, deliberate, malicious, egregious and outrageous.

35. As a direct and proximate result of Defendant's discrimination, Plaintiff suffered lost wages and benefits, lost employment opportunities, lost career advancement, mental and emotional stress and humiliation.

## CLAIM II

36. Paragraphs 1-35, above, are incorporated herein.

37. Plaintiff invokes this Court's pendent/supplemental jurisdiction with respect to her

claims based on the laws of the State of Tennessee. 28 U.S.C. § 1367.

38. Defendant's actions of gender discrimination against Plaintiff, as set forth in the above paragraphs, are discriminatory acts prohibited by Tenn. Code Ann. § 4-21-401.

**WHEREFORE,** Plaintiff demands judgment against Defendant and prays:

A. For award of compensatory damages in amount to be shown at trial for past and future economic losses and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life, humiliation and consequential losses;

B. For award of nominal, general, compensatory and punitive damages, not to exceed three hundred thirty thousand dollars ($330,000.00);

C. For award of interest on any awards at the highest rate allowed by law;

D. That Defendant be required to pay Plaintiff's reasonable attorney fees and other costs, including but not limited to those provided for pursuant to 42 U.S.C. § 2000e-5(k) incurred in this cause; and

E. For such other and further relief to which Plaintiff may be entitled.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted:

Laurie Lea Doty, TN BPR No. 12404
Attorney for Plaintiff
102 Pebble Creek Court
White House, Tennessee 37188
615.319.6035
laurieleadoty@comcast.net

7